358 F.2d 292
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GENERAL ELECTRIC COMPANY, Respondent.
GENERAL ELECTRIC COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
INTERNATIONAL UNION OF ELECTRICAL, RADIO & MACHINE WORKERS,
AFL-CIO,Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Docket 29502, 29576, 29577.
 United States Court of Appeals Second Circuit.
 Motions Submitted March 18, 22 and 26, 1965, Feb. 16, 1966.
Decided March 17, 1966.
 
 David L. Benetar, Nordlinger, riegelman, Benetar & Charney, New York City, for general Electric Co.
 Irving Abramson, Washington, D.C., for International Union of Electrical, Radio & Machine Workers.
 Marcel Mallet-Prevost, Asst. General Counsel, N.L.R.B., Washington, D.C., for N.L.R.B.
 Before LUMBARD, Chief Judge, and SWAN and KAUFMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 All three of these cases arise out of proceedings before the National Labor Relations Board upon charges filed by the Union which resulted in a single decision and order issued by the Board against General Electric on December 16, 1964, 150 N.L.R.B. No. 36.
 
 
 2
 In No. 29502, the Board has petitioned for enforcement of its order. In No. 29576, General Electric has petitioned to review and set aside the Board's order. In No. 29577, the Union has petitioned to review the Board's alleged failure to find certain unfair labor practices and to order General Electric to cease and desist therefrom.
 
 
 3
 On April 2, 1965, this court issued a series of orders which granted a motion by General Electric to intervene in No. 29577 and dismissed the Union's petition to review on the ground that the Union was not 'aggrieved' by the Board's order, see N.L.R.A. 10(f), 29 U.S.C. 160(f); denied the Union's motion to intervene in No. 29502 on the ground that a wholly successful charging party has no such standing to intervene in the appellate review of the Board's order, see Fafnir Bearing Co. v. N.L.R.B., 339 F.2d 801 (2 Cir. 1964); and granted the Board's motion to consolidate Nos. 29502 and 29576.
 
 
 4
 This court's holding in Fafnir was reversed, sub nom., International Union, United Automobile, etc., Workers v. Scofield, 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965). On January 17, 1966, the Supreme Court vacated our aforesaid orders in these cases and remanded 'for further consideration in light of (International Union, United) Automobile (etc.) Workers v. Scofield.' Upon such further consideration, we conclude that the Union's motion to intervence in No. 29502 must be granted. We renew our previous order consolidating Nos. 29502 and 29576; the Union will be permitted to intervene in the consolidated action.
 
 
 5
 The Union urges that we consolidate No. 29577 with the other two cases and defer consideration of the motion to dismiss until consideration of the consolidated cases on the merits. General Electric renews its contention that the Union is not an aggrieved party and urges that we adhere to our order dismissing No. 29577.
 
 
 6
 We find nothing in Scofield that requires us to deny the motion to dismiss No. 29577. If no. 29577 were not dismissed, we would consolidate it with the other two cases. That being so, the Union will not be adversely affected by a dismissal of No. 29577 because it will be permitted as intervenor to raise all relevant issues upon review of the other two cases. Since there are consequences which may flow from a finding of 'aggrieved' status that have not been fully presented and considered in this case, see, e.g., Insurance Workers, etc. v. N.L.R.B. (D.C.Cir.), 360 F.2d 823 (Fedruary 28, 1966), we are loath to take an action that is not necessary to protect the interests of the Union. Therefore, we deny the Union's suggestion that we defer action on the motion of General Electric to dismiss No. 29577.
 
 
 7
 Cases Nos. 29502 and 29576 are consolidated for review. The International Union of Electrical, Radio and Machine Workers, AFL-CIO, is granted permission to intervene in those actions. Cases No. 29577 is dismissed.